Clerk's Office
Filed Date: 4/7/22

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

EAG:MRG/KCB/SMS
F. #2021R00498

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | I N D I C T M E N T |
| - against - | Cr. No. _____ :22-cr-00158(AMD)(RML) |
| SIYANG CHEN, SIYU CHEN, also known as "Ban Ban," CARLOS CURY, BO JIANG, MEIZHEN SONG, also known as "Die Die," ZERONG TANG, RONG RONG XU, also known as "Eleanor," JIARUN YAN, also known as "Raymond Yan" and "Mike," and JILONG YU, | (T. 18, U.S.C., §§ 371, 981(a)(1)(C), 982(a)(1), 982(a)(2)(B), 982(b)(1), 1029(a)(5), 1029(c)(1)(A)(ii), 1029(c)(1)(C), 1029(c)(2), 1594(c), 1951(a), 1956(h), 1959(a)(3), 1952(a)(1)(A), 1952(b)(1), 1962(d), 1963, 1963(a), 1963(m), 2422(a), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c)) |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

The Enterprise

1.      The defendants SIYANG CHEN, SIYU CHEN, also known as "Ban Ban,"

CARLOS CURY, BO JIANG, MEIZHEN SONG, also known as "Die Die," ZERONG TANG,

RONG RONG XU, also known as "Eleanor," JIARUN YAN, also known as "Raymond Yan"

and "Mike," and JILONG YU, together with others, were leaders, members and associates of an

organization (the "Organization" or the "Enterprise") engaged in, among other things, sex trafficking, interstate prostitution, robbery, money laundering and access device fraud.   Leaders, members and associates of the Organization constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce.   The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

2.      The Organization operated within the Eastern District of New York and throughout the United States, including Hawaii, Kansas, Michigan, Missouri, Nebraska, New Hampshire, Oklahoma, Oregon, Texas and Washington.

<u>Purposes of the Enterprise</u>

3.      The purposes of the Enterprise included the following:

(a)     enriching the members and associates of the Enterprise through criminal activity, including but not limited to sex trafficking, interstate prostitution, assault, robbery and access device fraud;

(b)     promoting and enhancing the prestige, reputation and position of the Enterprise with respect to rival criminal organizations;

(c)     preserving and protecting the power, territory and criminal ventures of the Enterprise through the use of intimidation, threats of violence and acts of violence, including robbery and assault;

(d)     keeping victims and rivals in fear of the Enterprise and its members and associates; and

(e)    concealing the Enterprise and the activities of its leaders, members and associates from law enforcement through criminal activity, including but not limited to money laundering.

### Means and Methods of the Enterprise

4.    Among the means and methods by which members and associates of the Enterprise conducted and participated in the conduct of the affairs of the Enterprise were the following:

(a)    Members and associates of the Enterprise recruited and caused women to engage in prostitution in the United States, keeping and maintaining identification documents from the women in order to maintain control over the women.

(b)    Members and associates of the Enterprise arranged to transport, and did transport, women to engage in prostitution at hotels and other locations in various states, including but not limited to Hawaii, Kansas, Michigan, Missouri, Nebraska, New Hampshire, Oklahoma, Oregon, Texas and Washington.

(c)    Members and associates of the Enterprise arranged to acquire and transport, and did acquire and transport, financial proceeds from women engaged in prostitution at the direction of the Enterprise at hotels and other locations in various states, including but not limited to Hawaii, Kansas, Michigan, Missouri, Nebraska, New Hampshire, Oklahoma, Oregon, Texas and Washington.

(d)    Members and associates of the Enterprise committed, attempted to commit, conspired to commit, and threatened to commit acts of violence, including assaults and violent robberies, in order to protect and expand the Enterprise's criminal operation.

(e)     Members and associates of the Enterprise engaged in conduct designed to prevent detection of their identities, their illegal activities and the location of proceeds of those activities.

## COUNT ONE
(Racketeering Conspiracy)

5.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

6.     In or about and between April 2019 and September 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SIYANG CHEN, SIYU CHEN, also known as "Ban Ban," BO JIANG, MEIZHEN SONG, also known as "Die Die," RONG RONG XU, also known as "Eleanor," JIARUN YAN, also known as "Raymond Yan" and "Mike," and JILONG YU, together with others, each being a person employed by and associated with the Organization, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Organization through a pattern of racketeering activity, as defined in Title 18, United States Code, Section 1961(1) and 1961(5), which pattern of racketeering activity consisted of multiple acts indictable under:

(a)     Title 18, United States Code, Section 1029 (relating to access device fraud);

(b)     Title 18, United States Code, Section 1591 (relating to sex trafficking);

(c)     Title 18, United States Code, Section 1951 (relating to interference with commerce by robbery or extortion);

(d)     Title 18, United States Code, Sections 1952 (relating to Travel Act violations);

(e)     Title 18, United States Code, Section 1956 (relating to money laundering); and

(f)     Title 18, United States Code, Section 2422 (relating to interstate prostitution).

It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Organization.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

COUNT TWO
(Sex Trafficking Conspiracy)

7.      The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

8.      In or about and between April 2019 and September 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SIYANG CHEN, SIYU CHEN, also known as "Ban Ban," BO JIANG, MEIZHEN SONG, also known as "Die Die," RONG RONG XU, also known as "Eleanor," JIARUN YAN, also known as "Raymond Yan" and "Mike," and JILONG YU, together with others, did knowingly and intentionally conspire to recruit, entice, harbor, transport, provide, obtain and maintain by any means one or more persons, in and affecting interstate and foreign commerce, and to benefit, financially and by receiving things of value, from participation in a venture which engaged in such acts, knowing and in reckless disregard of the fact that means of force, threats of force, fraud and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means, would be used to cause one or more persons to engage in one or

more commercial sex acts, which offense was effected by means of force, threats of force, fraud and coercion, and a combination of such means, contrary to Title 18, Untied States Code, Sections 1591(a)(1) and 1591(a)(2).

(Title 18, United States Code, Sections 1594(c) and 3551 et seq.)

COUNT THREE
(Interstate Prostitution Conspiracy)

9.      The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

10.      In or about and between April 2019 and September 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SIYANG CHEN, SIYU CHEN, also known as "Ban Ban," CARLOS CURY, BO JIANG, MEIZHEN SONG, also known as "Die Die," ZERONG TANG, RONG RONG XU, also known as "Eleanor," JIARUN YAN, also known as "Raymond Yan" and "Mike," and JILONG YU, together with others, did knowingly and willfully conspire to persuade, induce, entice and coerce one or more individuals to travel in interstate and foreign commerce to engage in prostitution, contrary to Title 18, United States Code, Section 2422(a).

11.      In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants SIYANG CHEN, SIYU CHEN, CARLOS CURY, BO JIANG, MEIZHEN SONG, ZERONG TANG, RONG RONG XU, JIARUN YAN and JILONG YU, together with others, did commit and cause the commission of, among others, the following:

### OVERT ACTS

(a)     In or about and between April 2019 and May 2019, the defendant RONG RONG XU, together with others, directed Jane Doe #1, an individual whose identity is known to the Grand Jury, to travel outside of New York to engage in prostitution;

(b)     In or about April 2019, the defendant JIARUN YAN traveled to Kansas to collect money from Jane Doe #1;

(c)     On or about January 8, 2020, the defendants RONG RONG XU and JIARUN YAN, together with others, assaulted and robbed Jane Doe #2, an individual whose identity is known to the Grand Jury, in Beaverton, Oregon;

(d)     On or about March 20, 2020, the defendants SIYANG CHEN and JIARUN YAN, together with others, assaulted and robbed Jane Doe #3, an individual whose identity is known to the Grand Jury, in Overland Park, Kansas;

(e)     On or about September 28, 2020, the defendants RONG RONG XU and SIYU CHEN, together with others, assaulted and robbed a woman in Omaha, Nebraska;

(f)     On or about and between October 4, 2020 and October 5, 2020, the defendants BO JIANG and MEIZHEN SONG, together with others, directed members of the Organization to assault and rob a woman in Midland, Texas;

(g)     On or about October 9, 2020, the defendants MEIZHEN SONG and RONG RONG XU, together with others, assaulted and robbed Jane Doe #4, an individual whose identity is known to the Grand Jury, in Omaha, Nebraska;

(h)     In or about October 2020, the defendant JIARUN YAN collected money in Flushing, New York from a woman;

(i)     On or about October 26, 2020, the defendants MEIZHEN SONG and RONG RONG XU, together with others, directed members of the Organization to transport a woman from Kansas City, Missouri to Omaha, Nebraska;

(j)     On or about November 5, 2020, the defendants BO JIANG and RONG RONG XU, together with others, directed members of the Organization to assault and rob Jane Doe #5 and Jane Doe #6, individuals whose identities are known to the Grand Jury, in Portland, Oregon;

(k)     On or about November 5, 2020, the defendant BO JIANG directed members of the Organization to collect money from a woman in Portland, Oregon;

(l)     On or about November 16, 2020, the defendants BO JIANG and RONG RONG XU, together with others, directed members of the Organization to assault and rob Jane Doe #7, an individual whose identity is known to the Grand Jury, in Overland Park, Kansas;

(m)     On or about November 24, 2020, the defendants RONG RONG XU and JILONG YU, together with others, directed members of the Organization to assault and rob Jane Doe #8, an individual whose identity is known to the Grand Jury, in Southfield, Michigan;

(n)     On or about November 24, 2020, the defendant RONG RONG XU directed members of the Organization to travel to Troy, Michigan to collect money from a woman;

(o)     On or about November 25, 2020, the defendants RONG RONG XU and JILONG YU, together with others, directed members of the Organization to assault and rob Jane Doe #1 in Beaverton, Oregon;

(p)     On or about December 6, 2020, the defendants RONG RONG XU

and JILONG YU, together with others, directed members of the Organization to assault and rob

Jane Doe #9, an individual whose identity is known to the Grand Jury, in Southfield, Michigan;

(q)     On or about April 17, 2021, the defendant ZERONG TANG

traveled from LaGuardia Airport in Queens, New York to Kansas City, Missouri to pick up a key

for an apartment in Overland Park, Kansas;

(r)     On or about April 17, 2021, the defendant ZERONG TANG made

a cash deposit of $4,000 at an ATM in Overland Park, Kansas;

(s)     On or about and between April 22, 2021 and April 24, 2021, the

defendant CARLOS CURY, together with others, drove from Kansas City, Missouri to Queens,

New York; and

(t)     On or about May 25, 2021, the defendant CARLOS CURY,

together with others, assaulted and robbed Jane Doe #10, an individual whose identity is known

to the Grand Jury, in Southfield, Michigan.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT FOUR
### (Money Laundering Conspiracy)

12.     The allegations contained in paragraphs one through four are realleged and

incorporated as if fully set forth in this paragraph.

13.     In or about and between April 2019 and September 2021, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants SIYANG CHEN, BO JIANG, ZERONG TANG, MEIZHEN SONG, also known as

"Die Die," RONG RONG XU, also known as "Eleanor," JIARUN YAN, also known as

"Raymond Yan" and "Mike," and JILONG YU, together with others, did knowingly and

intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, which in fact involved the proceeds of one or more specified unlawful activities, to wit: (a) sex trafficking, in violation of Title 18, United States Code, Section 1591; and (b) interstate prostitution, in violation of Title 18, United States Code, Section 2422, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity (a) with the intent to promote the carrying on of one or more specified unlawful activities, and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of one or more specified unlawful activities, contrary to Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

COUNT FIVE
(Distribution of Proceeds of a Prostitution Business)

14.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

15.     In or about and between April 2019 and September 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SIYANG CHEN, BO JIANG, MEIZHEN SONG, also known as "Die Die," ZERONG TANG, RONG RONG XU, also known as "Eleanor," JIARUN YAN, also known as "Raymond Yan" and "Mike," and JILONG YU, together with others, did knowingly and intentionally use, and cause to be used, one or more facilities in interstate and foreign commerce, to wit: one or more wire transfer services, with intent to distribute the proceeds of an unlawful activity, to wit: a business enterprise involving prostitution offenses in violation of the laws of the States in which they were committed and of the United States, and thereafter did knowingly

and intentionally perform, attempt to perform and cause to be performed, an act to distribute the proceeds of such unlawful activity.

(Title 18, United States Code, Sections 1952(a)(1)(A), 1952(b)(1), 2 and 3551 et seq.)

### COUNT SIX
(Interstate Prostitution – Jane Doe #1)

16.     In or about and between April 2019 and May 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SIYANG CHEN, RONG RONG XU, also known as "Eleanor," and JIARUN YAN, also known as "Raymond Yan" and "Mike," together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #1, to travel in interstate commerce to engage in prostitution.

(Title 18, United States Code, Sections 2422(a), 2 and 3551 et seq.)

### COUNT SEVEN
(Hobbs Act Robbery Conspiracy)

17.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

18.     On or about and between January 2020 and September 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SIYANG CHEN, SIYU CHEN, also known as "Ban Ban," CARLOS CURY, BO JIANG, MEIZHEN SONG, also known as "Die Die," RONG RONG XU, also known as "Eleanor," JIARUN YAN, also known as "Raymond Yan" and "Mike," and JILONG YU, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the

robbery of United States currency, electronic devices and personal property from individuals engaged in prostitution at hotels.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

COUNT EIGHT
(Assault with a Dangerous Weapon In-Aid-Of Racketeering – Jane Doe #2)

19.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

20.     At all times relevant to this Indictment, the Organization, including its leaders, members and associates, constituted an enterprise, as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce.   The Organization constituted an ongoing organization whose leaders, members, and associates functioned as a continuing unit for a common purpose of achieving the objectives of the Organization.

21.     At all times relevant to this Indictment, the Organization, through its leaders, members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts indictable under Title 18, United States Code, Sections 1029, 1591, 1951, 1952, 1956, 2422 (involving access device fraud, sex trafficking, interference with commerce by robbery or extortion, Travel Act violations, money laundering and interstate prostitution, respectively).

22.     On or about January 8, 2020, within the Eastern District of New York and elsewhere, the defendants RONG RONG XU and JIARUN YAN, also known as "Raymond Yan" and "Mike," together with others, for the purpose of maintaining and increasing position in

the Organization did knowingly and intentionally assault Jane Doe #2 with a dangerous weapon, in violation of Oregon Revised Statutes Sections 163.175(1)(a) and (b) and 161.155.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

COUNT NINE
(Assault with a Dangerous Weapon In-Aid-Of Racketeering – Jane Doe #3)

23. The allegations contained in paragraphs one through four, and twenty through twenty-one, are realleged and incorporated as if fully set forth in this paragraph.

24. On or about March 20, 2020, within the Eastern District of New York and elsewhere, the defendants SIYANG CHEN and JIARUN YAN, also known as "Raymond Yan" and "Mike," together with others, for the purpose of maintaining and increasing position in the Organization, an enterprise engaged in racketeering activity, did knowingly and intentionally assault Jane Doe #3 with a dangerous weapon, in violation of Kansas Statutes Annotated Sections 21-5412(b)(1) and 21-5210.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

COUNT TEN
(Assault with a Dangerous Weapon In-Aid-Of Racketeering)

25. The allegations contained in paragraphs one through four, and twenty through twenty-one, are realleged and incorporated as if fully set forth in this paragraph.

26. On or about October 5, 2020, within the Eastern District of New York and elsewhere, the defendants SIYU CHEN, also known as "Ban Ban," BO JIANG, MEIZHEN SONG, also known as "Die Die," and RONG RONG XU, also known as "Eleanor," together with others, for the purpose of maintaining and increasing position in the Organization, an enterprise engaged in racketeering activity, did knowingly and intentionally assault an individual

with a dangerous weapon, in violation of Vernon's Texas Statutes and Codes Annotated Sections 22.02(a)(2), 7.01 and 7.02.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

### COUNT ELEVEN
(Assault with a Dangerous Weapon In-Aid-Of Racketeering – Jane Doe #4)

27.    The allegations contained in paragraphs one through four, and twenty through twenty-one, are realleged and incorporated as if fully set forth in this paragraph.

28.    On or about October 9, 2020, within the Eastern District of New York and elsewhere, the defendants MEIZHEN SONG, also known as "Die Die," and RONG RONG XU, also known as "Eleanor," together with others, for the purpose of maintaining and increasing position in the Organization, an enterprise engaged in racketeering activity, did knowingly and intentionally assault Jane Doe #4 with a dangerous weapon, in violation of Nebraska Revised Statutes Sections 28-309(1)(a) and 28-206.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

### COUNT TWELVE
(Assault with a Dangerous Weapon and Resulting in Serious Bodily Injury
In-Aid-Of Racketeering – Jane Doe #5)

29.    The allegations contained in paragraphs one through four, and twenty through twenty-one, are realleged and incorporated as if fully set forth in this paragraph.

30.    On or about November 5, 2020, within the Eastern District of New York and elsewhere, the defendants BO JIANG and RONG RONG XU, also known as "Eleanor," together with others, for the purpose of maintaining and increasing position in the Organization, an enterprise engaged in racketeering activity, did knowingly and intentionally assault

Jane Doe #5 with a dangerous weapon and resulting in serious bodily injury, in violation of

Oregon Revised Statutes Sections 163.175(1)(a), 163.175(1)(b) and 161.155.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT THIRTEEN
(Assault with a Dangerous Weapon and Resulting in Serious Bodily Injury
In-Aid-Of Racketeering – Jane Doe #6)

31.     The allegations contained in paragraphs one through four, and twenty

through twenty-one, are realleged and incorporated as if fully set forth in this paragraph.

32.     On or about November 5, 2020, within the Eastern District of New York

and elsewhere, the defendants BO JIANG and RONG RONG XU, also known as "Eleanor,"

together with others, for the purpose of maintaining and increasing position in the Organization,

an enterprise engaged in racketeering activity, did knowingly and intentionally assault Jane Doe

#6 with a dangerous weapon and resulting in serious bodily injury, in violation of Oregon

Revised Statutes Sections 163.175(1)(a), 163.175(1)(b) and 161.155.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT FOURTEEN
(Assault with a Dangerous Weapon and Resulting in Serious Bodily Injury
In-Aid-Of Racketeering – Jane Doe #7)

33.     The allegations contained in paragraphs one through four, and twenty

through twenty-one, are realleged and incorporated as if fully set forth in this paragraph.

34.     On or about November 16, 2020, within the Eastern District of New York

and elsewhere, the defendants BO JIANG and RONG RONG XU, also known as "Eleanor,"

together with others, for the purpose of maintaining and increasing position in the Organization,

an enterprise engaged in racketeering activity, did knowingly and intentionally assault Jane Doe

#7 with a dangerous weapon and resulting in serious bodily injury, in violation of Kansas Statutes Annotated Sections 21-5412(b)(1), 21-5413(b)(1)(A), 21-5413(b)(1)(B) and 21-5210.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

COUNT FIFTEEN
(Assault with a Dangerous Weapon In-Aid-Of Racketeering – Jane Doe #8)

35.     The allegations contained in paragraphs one through four, and twenty through twenty-one, are realleged and incorporated as if fully set forth in this paragraph.

36.     On or about November 24, 2020, within the Eastern District of New York and elsewhere, the defendants BO JIANG, RONG RONG XU, also known as "Eleanor," and JILONG YU, together with others, for the purpose of maintaining and increasing position in the Organization, an enterprise engaged in racketeering activity, did knowingly and intentionally assault Jane Doe #8 with a dangerous weapon, in violation of Michigan Compiled Laws Annotated Sections 750.82(1) and 767.39.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

COUNT SIXTEEN
(Assault with a Dangerous Weapon In-Aid-Of Racketeering – Jane Doe #1)

37.     The allegations contained in paragraphs one through four, and twenty through twenty-one, are realleged and incorporated as if fully set forth in this paragraph.

38.     On or about November 25, 2020, within the Eastern District of New York and elsewhere, the defendants BO JIANG, RONG RONG XU, also known as "Eleanor," and JILONG YU, together with others, for the purpose of maintaining and increasing position in the Organization, an enterprise engaged in racketeering activity, did knowingly and intentionally

assault Jane Doe #1 with a dangerous weapon, in violation of Oregon Revised Statutes Sections 163.175(1)(b) and 161.155.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT SEVENTEEN
(Access Device Fraud)

39.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

40.     On or about and November 26, 2020, within the Eastern District of New York and elsewhere, the defendants SIYU CHEN, also known as "Ban Ban," BO JIANG, MEIZHEN SONG, also known as "Die Die," RONG RONG XU, also known as "Eleanor," and JILONG YU, together with others, did knowingly and with intent to defraud effect transactions with one or more access devices, to wit: credit cards, issued to one or more persons to receive payments and other things of value, aggregating $1,000 or more during a one-year period, in a matter affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 1029(a)(5), 1029(c)(1)(A)(ii), 2 and 3551 et seq.).

## COUNT EIGHTEEN
(Assault with a Dangerous Weapon In-Aid-Of Racketeering – Jane Doe #9)

41.     The allegations contained in paragraphs one through four, and twenty through twenty-one, are realleged and incorporated as if fully set forth in this paragraph.

42.     On or about December 6, 2020, within the Eastern District of New York and elsewhere, the defendants RONG RONG XU, also known as "Eleanor," and JILONG YU, together with others, for the purpose of maintaining and increasing position in the Organization, an enterprise engaged in racketeering activity, did knowingly and intentionally assault Jane Doe

#9 with a dangerous weapon, in violation of Michigan Compiled Laws Annotated Sections 750.82(1) and 767.39.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT NINETEEN
(Interstate Prostitution – Jane Doe #10)

43.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

44.     In or about and between February 2020 and February 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants RONG RONG XU, also known as "Eleanor," and JIARUN YAN, also known as "Raymond Yan" and "Mike," together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #10, to travel in interstate to engage in prostitution.

(Title 18, United States Code, Sections 2422(a), 2 and 3551 et seq.)

## COUNT TWENTY
(Hobbs Act Robbery – Jane Doe #10)

45.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

46.     On or about May 25, 2021, within the Eastern District of New York and elsewhere, the defendant CARLOS CURY, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency, electronic devices and

personal property from an individual engaged in prostitution, to wit: Jane Doe #10, at an Extended Stay America Hotel in Overland Park, Kansas.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

47.     The United States hereby gives notice to the defendants charged in Count One that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1963(a), which requires any person convicted of such offense to forfeit: (a) any interest the person acquired or maintained in violation of Title 18, United States Code, Section 1962; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the person has established, operated, controlled, conducted or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and (c) any property constituting, or derived from, any proceeds which the person obtained, directly and indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962.

48.     If any of the above-described forfeitable property, as a result of any act or omission of such defendants:

> (a)     cannot be located upon the exercise of due diligence;
>
> (b)     has been transferred or sold to, or deposited with, a third party;
>
> (c)     has been placed beyond the jurisdiction of the court;
>
> (d)     has been substantially diminished in value; or
>
> (e)     has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to

seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 1963(a) and 1963(m))

CRIMINAL FORFEITURE ALLEGATION<br>AS TO COUNTS THREE, FIVE THROUGH SEVEN, NINETEEN AND TWENTY

49.     The United States hereby gives notice to the defendants charged in Counts Three, Five through Seven, Nineteen and Twenty that, upon their conviction of such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

50.     If any of the above-described forfeitable property, as a result of any act or omission of such defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT FOUR

51.     The United States hereby gives notice to the defendants charged in Count Four that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property.

52.     If any of the above-described forfeitable property, as a result of any act or omission of such defendants:

        (a)     cannot be located upon the exercise of due diligence;

        (b)     has been transferred or sold to, or deposited with, a third party;

        (c)     has been placed beyond the jurisdiction of the court;

        (d)     has been substantially diminished in value; or

        (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

        (Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT SEVENTEEN

53.     The United States hereby gives notice to the defendants charged in Count

Seventeen that, upon their conviction of such offense, the government will seek forfeiture in

accordance with: (a) Title 18, United States Code, Section 982(a)(2)(B), which requires any

person convicted of such offense to forfeit any property constituting, or derived from, proceeds

obtained directly or indirectly as a result of such offense; and (b) Title 18, United States Code,

Section 1029(c)(1)(C), which requires any person convicted of such offense to forfeit any

personal property used or intended to be used to commit the offense.

54.     If any of the above-described forfeitable property, as a result of any act or

omission of such defendants:

> (a)     cannot be located upon the exercise of due diligence;
>
> (b)     has been transferred or sold to, or deposited with, a third party;
>
> (c)     has been placed beyond the jurisdiction of the court;
>
> (d)     has been substantially diminished in value; or
>
> (e)     has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2)(B), 982(b)(1), 1029(c)(1)(C) and 1029(c)(2); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2021R00498

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

### SIYANG CHEN, *et. al.*

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 371, 981(a)(1)(C), 982(a)(1), 982(b)(1), 1029(a)(5),
1029(c)(1)(A)(ii), 1029(c)(1)(C), 1029(c)(2), 1594(c), 1951(a), 1956(h),
1959(a)(3), 1952(a)(1)(A), 1952(b)(1), 1962(d), 1963(a), 1963(m), 2422(a), 2
and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____ _Thomas J. Parados_
                                                        *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                                                                        *Clerk*

*Bail,* $ _____

_____

**Matthew R. Galeotti, Kayla C. Bensing and Sophia M. Suarez, Assistant U.S. Attorneys 718-254-7000**